## Case No. 4,713.

FEATHERMAN v. LOUISIANA STATE SEMINARY.

[2 Woods, 71.] [1]

Circuit Court, D. Louisiana.   April Term, 1875.

H. D. Ogden, for motion.
J. O. Fuqua, contra.

WOODS, Circuit Judge.   A fieri facias was issued upon a judgment recovered in this court by A. Featherman against the Louisiana State Seminary of Learning and Military Academy.   It was levied on 6,500 volumes of books and other personal property, as the property of the defendant in execution, and the marshal was proceeding to advertise and sell the same, when the state filed her intervention and third opposition, claiming that the property levied on was the property of the state, and praying that the marshal be restrained from proceeding further with the sale under the execution.   The marshal was restrained by the order of a judge of this court, and the plaintiff in execution now moves the court to dissolve the order.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

The State Seminary is a public and not a private corporation.   It is, by an act of the legislature, placed under the superintendence of a board of visitors, one of whom is the governor, and another the superintendent of education, and twelve others to be appointed by the governor.   The fund which constitutes its only endowment is the proceeds of land donated by congress.   The state has made frequent appropriations for its support.   In 1867, the legislature appropriated out of the general fund $5,000 to enlarge the library.   It appropriated $31,000 in 1869 out of the general fund for the general use of the seminary, $5,000 of which was appropriated for the purchase of apparatus and books.   In 1870, $20,000 were appropriated to the seminary to supply losses occasioned by the fire, which destroyed the buildings of the institution, and in 1871, another appropriation was made of $10,000 for the purchase of books.

The institution has not only been under the exclusive control of officers appointed by the state, and managed in the manner specifically pointed out by the legislature, but all its property, except a few insignificant donations of books, has been received either from the state directly or has been granted to the state by congress for educational purposes, and it has been required to receive free a specified number of students to be named by the governor.   It is therefore clearly one of that class of "public corporations which are founded for the public, though not for political or municipal purposes, and the whole interest in which belongs to the government."   Ang. & A. Corp. § 14.

Can the property of such an institution be seized on execution?   It seems to me that the marshal would have the same right to levy upon the furniture and other property of the state, used in the institution for the deaf, dumb and blind.   The only difference between the cases is that the overseers of the State Seminary are made a body corporate, with power to sue and be sued, while the board of administrators in the deaf, dumb and blind institution is not.   But this fact does not any the less make the corporation a public corporation, nor its property any the less the property of the state.   I am therefore of opinion that the order forbidding the marshal to proceed with the execution ought not to be revoked.

It has been objected that the state has mistaken its remedy, which should have been by regular bill in equity.   I do not think the objection well taken.   The property levied on is personal property.   At common law, the remedy would be replevin, but the jurisprudence of Louisiana has substituted for this common law action a proceeding called an intervention and third opposition.   There is no necessity, therefore, for resorting to equity.   It is not a case for the interference of a court of equity.   There is a remedy at

law, and the practice of this state points out what it is. It has been followed in this case, and we are required by the practice act of 1872 [17 Stat. 196] to sustain it. Bank v. Labitut [Case No. 842].